**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PAULINE CARTER,

      Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

      Defendant - Appellee.

No. 14-1170
(D.C. No. 1:13-CV-00504-REB)
(D. Colo.)

## ORDER AND JUDGMENT[*]

Before **HOLMES**, **BACHARACH**, and **McHUGH**, Circuit Judges.

This appeal involves the Social Security Administration's

termination of disability benefits. Ms. Carter challenges the termination of

benefits on procedural and substantive grounds. Her procedural challenge

is based on a mistaken interpretation of the agency's earlier decision. She

---

[*] The parties requested a decision on the briefs, and oral argument
would not materially help in deciding the appeal. *See* Fed. R. App. P.
34(a)(2); 10th Cir. R. 34.1(G). Thus, we have declined to order oral
argument.

    This order and judgment does not constitute binding precedent,
except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

asserts that the agency said in 2002 the disability was continuing. That assertion is incorrect. Ms. Carter also makes a substantive challenge, arguing that the agency mistakenly downplayed her limitations. In our view, however, the agency did not err in applying legal standards or in weighing the evidence. Thus, we affirm.

## I.     The Administrative Proceedings

Ms. Pauline Carter broke her hip in 2001 and obtained disability benefits until June 5, 2002, based on satisfaction of a listing. After three hearings, the agency found that Ms. Carter's disability had terminated on June 5, 2002, when an x-ray showed the hip had healed. In ordering termination of benefits, the agency concluded that after June 5, 2002, Ms. Carter could perform some "light" jobs such as a clerical checker, coin machine collector, or vending machine operator. The federal district court affirmed.

## II.     Standard of Review

On appeal, we must decide if the agency correctly applied legal standards and made factual findings supported by substantial evidence. *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014).

## III.     Procedural Arguments

Ms. Carter alleges violation of administrative regulations and deprivation of due process. These allegations are invalid.

Ms. Carter argues that

- the agency said in August 2002 that the disability was continuing, and

- the agency lacked a basis to reopen that decision.

This argument is inaccurate because the agency did not say in August 2002 that the disability was continuing. The agency said only that the disability continued until her x-ray was taken (which was on June 5, 2002).[1] In finding that the disability continued until June 5, 2002, the agency did not violate any of its regulations.

Nor did it deprive Ms. Carter of due process. According to Ms. Carter, the agency confused the termination date, impeding her ability to develop a record in 2002 and 2003. We cannot entertain this allegation because it was not made in district court. *See Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 721-22 (10th Cir. 1993).

Even if we were to address the argument on the merits, it would fail. Ms. Carter must show that the agency's decision was fundamentally unfair. *Mays*, 739 F.3d at 573. Under this standard, the claim fails because Ms. Carter has not said what she would have done differently to develop a record of disability in 2002 and 2003.

---

[1] The agency mistakenly continued to pay disability benefits until 2007, but has not required Ms. Carter to repay these benefits.

- 3 -

## IV. Physical Assessment

Ms. Carter argues that the agency should not have found an ability to perform light work, pointing to physical impairments, limited ability to perform daily activities, and three medical opinions (Goodwin, Wilkins, and Taylor). Physically, Ms. Carter relies on her need for narcotics, the impact of her trochanteric bursitis and knee impairment, the screw protruding into her fibula, and drowsiness from her medications. In addition, she complains that she often has to rest and needs help with daily chores.

The agency adequately addressed this evidence. For example, the agency noted that Ms. Carter had acknowledged the ability to conduct daily physical therapy exercises and a variety of daily chores, including laundry, making the bed, watering flowers, driving a truck, and seeing friends. In addition, the agency analyzed the minimal medical records after June 5, 2002. These records reflected improvement after hip surgery in the Fall of 2002 and surgery on the left knee in the Summer of 2003.

Ms. Carter relies in part on opinions by Dr. Taylor and Ms. Goodwin. The agency justifiably declined to give weight to Dr. Taylor's opinion because it did not cover the pertinent time-period. Though the agency failed to discuss the statement of Ms. Goodwin, the omission was

immaterial because the agency found Ms. Carter disabled during the time-period covered by Ms. Goodwin's opinion.

Accordingly, we conclude that the agency correctly applied legal standards and that the findings are supported by substantial evidence.

## V.     Credibility Findings

Ms. Carter also challenges the agency's credibility findings, such as fatigue from pain, loss of sleep, and side effects from medication. These challenges are based on evidence of ineffective ambulation, testimony by a friend, and evidence of an insurer's payment of benefits for a disability. We reject these challenges.

The agency is ideally suited to assess credibility, and we will not disturb the agency's credibility findings when they are supported by substantial evidence. *Wilson v. Astrue*, 602 F.3d 1136, 1144 (10th Cir. 2010). We conclude that the agency correctly applied legal standards and that the credibility findings are supported by substantial evidence.

Ms. Carter did present evidence of ineffective ambulation. But, the agency could reasonably reject this evidence based on two medical assessments that would have allowed considerable ambulation. In the first assessment (August 2002), a doctor said only that Ms. Carter should remain cautious when moving about. In the second assessment (October 2003), a doctor provided minimum limits (no participation in bowling or

sports requiring lateral motion). Based on these two assessments, the agency could reasonably discount Ms. Carter's evidence of ineffective ambulation.

According to Ms. Carter, the agency should have credited the testimony of her friend and the disability determination by an insurer. We reject these arguments. The agency stated that it had considered all the evidence. Thus, we assume that the agency considered both the friend's testimony and the insurer's disability determination. *See Wall v. Astrue*, 561 F.3d 1048, 1070 (10th Cir. 2009).

In addition, both pieces of evidence appear immaterial. Ms. Carter does not identify anything in the friend's testimony that would affect the outcome. And, there is no evidence about the circumstances surrounding the insurer's award of benefits (other than Ms. Carter's testimony that she obtained disability benefits from the insurer). In these circumstances, the agency did not err by overlooking the friend's testimony or the insurer's disability determination.

## VI. Hypothetical Question

Ms. Carter also contends the agency should have incorporated her self-described limitations when questioning the vocational expert. We reject this contention.

In asking hypothetical questions, the administrative law judge needs only to include impairments supported in the record. *Shepherd v. Apfel*, 184 F.3d 1196, 1203 (10th Cir. 1999). The administrative law judge included the impairments that he had found. And, as noted above, the administrative law judge's assessment was supported by the record. Accordingly, the administrative law judge did not err in declining to ask the vocational expert about the effect of greater limitations.

## VII.  Disposition

We reject any other arguments made by Ms. Carter as not properly preserved for appellate review. With these conclusions, we affirm.

Entered for the Court


Robert E. Bacharach
Circuit Judge